

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
PHILADELPHIA REGIONAL OFFICE
ONE PENN CENTER
1617 JFK BOULEVARD
SUITE 520
PHILADELPHIA, PENNSYLVANIA 19103

JULIA C. GREEN
TRIAL COUNSEL
(267) 602-2133
*greenju@sec.gov*

July 31, 2018

**VIA ECF**

Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: <u>SEC v. Richard T. Cunniffe, 18-cv-6667 [rel. 15-cv-3719] (AT)(OTW)</u>

Dear Judge Torres:

  I represent the Securities and Exchange Commission (the "Commission" or "SEC") in the above-referenced case. I write with the consent of defendant, Richard Cunniffe ("Cunniffe"), to seek the Court's approval of the parties' settlement. Attached are the defendant's executed consent (the "Consent") and the proposed final judgment referenced therein (the "Consent Judgment").

  The Consent Judgment would:

(1) enjoin Cunniffe from violations of Sections 10(b) and 14(e) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §§ 78j(b) and 78n(e)] and Rules 10b-5 and 14e-3 thereunder [17 C.F.R. §§ 240.10b-5, 240.4e-3], and

(2) order Cunniffe to pay disgorgement in the amount of $983,272.96, plus prejudgment interest thereon in the amount of $55,284.32, provided, however, that $900,000 in disgorgement would be deemed satisfied by the entry of the $900,000 forfeiture order in *United States v. Cunniffe*, 15-cr-287 (S.D.N.Y.)(LTS) (the "Criminal Action") and that payment of the remaining $83,272.96 in disgorgement and $55,284.32 in prejudgment interest would be waived based on Cunniffe's sworn representations to the Commission in his Statement of Financial Condition dated December 31, 2017 and other documents and information submitted to the Commission.

Hon. Analisa Torres
July 31, 2018
Page 2 of 5

The Consent Judgment would not impose civil penalties against Cunniffe based on the prosecution, conviction, and sanctions imposed in the Criminal Action.[1]

The Consent Judgment meets the requirements set forth by the Second Circuit in *SEC v. Citigroup Global Mkts., Inc.*, 752 F.3d 285 (2d Cir. 2014). The Commission respectfully requests that the Court approve the settlement and enter the Consent Judgment.

## I.   Background

This case concerns a serial insider trading scheme orchestrated by three financial industry professionals, Sean Stewart, Robert Stewart, and Cunniffe. From 2010 through 2014, Sean Stewart worked as a banker at two different investment banks and tipped his father, Robert Stewart, material nonpublic information about six corporate transactions involving the investment banks where he worked. Robert Stewart traded on the first two transactions on his own. Robert Stewart then distanced himself from the trading by partnering with Cunniffe who traded based on the information and shared the profits with Robert Stewart. In total, the scheme generated over $1.1 million in illicit profits, and the Commission calculates Cunniffe's illicit gains as $983,272.96.

In May 2015, the United States Attorney for the Southern District of New York charged Cunniffe, Robert Stewart, and Sean Stewart with securities fraud and related offenses. Criminal Action, Dkt. No. 1. On May 14, 2015, Cunniffe plead guilty to six counts of securities fraud and related offenses. Subsequently, final judgments were entered against Robert Stewart, who plead guilty, and Sean Stewart, who was convicted following a jury trial. Criminal Action, Dkt. Nos. 92, 237. In its sentencing submission for Cunniffe, the government requested that Cunniffe receive a reduced sentence in light of the substantial assistance that Cunniffe provided in the investigation and prosecution of Robert Stewart and Sean Stewart. Criminal Action, Dkt. No. 259. Cunniffe consented to a criminal forfeiture order of $900,000. Criminal Action, Dkt. No. 260. On November 8, 2017, Judge Swain entered final judgment against Cunniffe, sentencing him to one year of probation and imposing the $900,000 criminal forfeiture order. Criminal Action, Dkt. No. 261.

On May 14, 2015, the Commission charged Robert Stewart and Sean Stewart with violations of the anti-fraud provisions of the Exchange Act and the rules thereunder. *SEC v. Stewart*, 15-cv-3719 (AT)(OTW). Robert Stewart settled with the Commission, and the Court entered final judgment against him on September 27, 2017. *SEC v. Stewart,* Dkt. No. 66. The case against Sean Stewart is stayed pending a ruling on Sean Stewart's appeal of his criminal conviction. *SEC v. Stewart*, Dkt. No. 75.

---

[1] In a separate administrative proceeding, the Commission barred Cunniffe from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization and from participating in any offering of a penny stock, including acting as a promoter, finder, consultant, agent or other person who engages in activities with a broker, dealer, or issuer for purposes of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock.

On July 25, 2018, the Commission filed its Complaint in this case, alleging that through his participation in the insider trading scheme, Cunniffe violated Sections 10(b) and 14(e) of the Exchange Act and Rules 10b-5 and 14e-3 thereunder. *See* Dkt. No. 1. Prior to filing, the Commission reached the proposed settlement with Cunniffe.

## II. The Proposed Settlement is Fair and Reasonable and Will Not Disserve the Public Interest

"[T]he proper standard for reviewing a proposed consent judgment involving an enforcement agency requires that the district court determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the 'public interest would not be disserved' . . . in the event that the consent decree includes injunctive relief." *Citigroup*, 752 F.3d at 294 (quoting *eBay, Inc. v. MercExchange*, 547 U.S. 388, 391 (2006)). "Absent a substantial basis in the record for concluding that the proposed consent decree does not meet these requirements, the district court is required to enter the order." *Citigroup*, 752 F.3d at 294.

*Citigroup* set forth four factors to be assessed by the district court as part of the evaluation for fairness and reasonableness: (1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind. *Id.* at 294. *See also SEC v. CR Intrinsic Inv'rs, LLC*, 26 F. Supp. 3d 260, 263-64 (S.D.N.Y. 2014). Although a court may make additional inquiry, depending on the particular circumstances of the case, "[t]he primary focus of the inquiry . . . should be on ensuring the consent decree is procedurally proper, using objective measures similar to the factors set out above, taking care not to infringe on the SEC's discretionary authority to settle on a particular set of terms." *Citigroup*, 752 F.3d at 295.

The four factors instruct that the Consent Judgment is fair and reasonable.

First, the Consent Judgment is legal. A proposed consent judgment "satisfies this factor so long as it is within the Court's authority to enter the decree and within Plaintiff's authority to enforce it." *United States v. IBM Corp.*, 14-cv-936 (KMK), 2014 WL 3057960, at *2 (S.D.N.Y. July 7, 2014), *order clarified*, 2014 WL 4626010 (S.D.N.Y. Aug. 7, 2014). Section 21(d) of the Exchange Act explicitly authorizes the Commission to seek to enjoin Cunniffe from further violations of the Exchange Act, and it authorizes the Court to enter such relief:

> Whenever it shall appear to the Commission that any person is engaged or is about to engage in acts or practices constituting a violation of any provision of this chapter, the rules or regulations thereunder . . . it may in its discretion bring an action in the proper district court of the United States . . . to enjoin such acts or practices, and upon a proper showing a permanent or temporary injunction or restraining order shall be granted without bond.

Hon. Analisa Torres
July 31, 2018
Page 4 of 5

Exchange Act § 21(d)(1) [15 U.S.C. § 78u(d)(1)]. The injunctive relief is "particularly within the court's discretion" for such a serial insider trading scheme. *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1477 (2d Cir. 1996) (noting courts' discretion to enjoin future misconduct "where a violation was founded on systematic wrongdoing") (internal citation omitted).

The Court's equitable authority also empowers it to order Cunniffe to disgorge the ill-gotten gains from his violations of the Exchange Act. *See SEC v. Cavanagh*, 445 F.3d 105, 116 (2d Cir. 2006) ("'disgorgement' is a well-established remedy in the Second Circuit, particularly in securities enforcement actions . . . ."). The Court has the authority to deem a portion of the disgorgement order satisfied by the forfeiture order in the Criminal Action and to waive collection of the remainder of the disgorgement amount. *See SEC v. Metter*, 706 Fed. Appx. 699, 702 (2d Cir. 2017) ("The district court has broad discretion not only in determining whether or not to order disgorgement but also in calculating the amount to be disgorged.") (quoting *First Jersey Sec.*, 101 F.3d at 1474-75).

Second, the terms of the Consent Judgment are clear. The preamble to the Consent Judgment describes Cunniffe's consent to this Court's jurisdiction over him and the subject matter of this action, as well as his consent to entry of the Consent Judgment, and waiver of findings of fact and conclusions of law and any right to appeal. The body of the Consent Judgment contains numbered sections, which detail: (I) and (II) the injunctions, as well as those bound by the injunctions under Federal Rule of Civil Procedure 65(d)(2); (III) the disgorgement and prejudgment interest imposed against Cunniffe, part of which is deemed satisfied by the forfeiture order in the Criminal Action, and part of which is waived based on Cunniffe's sworn representations in his statement of financial interest; (IV) the force and effect of the Consent and Cunniffe's agreement to comply with the undertakings and agreements set forth in the Consent; (V) the effect of the Consent Judgment in any bankruptcy proceeding; and (VI) this Court's retention of jurisdiction. The Consent Judgment tracks the language of the applicable statutes and rules to which it cites and is consistent with Cunniffe's Consent.

Third, the Consent Judgment reflects a resolution of the actual claims in the Complaint. The Consent Judgment resolves all of the Commission's claims against Cunniffe and will bring this matter to a close.

Fourth, the Consent Judgment is not tainted by collusion or corruption of any kind. Cunniffe was represented by counsel throughout the Commission's litigation, and the settlement is the product of an arms-length negotiation. Thus, the Consent Judgment meets the requirements for fairness and reasonableness under *Citigroup*.

Finally, the "public interest would not be disserved" by the Consent Judgment. *Citigroup*, 752 F.3d at 294. "The job of determining whether the proposed SEC consent decree best serves the public interest . . . rests squarely with the SEC, and its decision merits significant deference." *Id.* at 296. In this case, the Commission has determined that the Consent Judgment is in the public interest. The Consent Judgment advances the Commission's objectives of (1) encouraging prompt and effective responses to alleged securities law violations and cooperation with investigating authorities; (2) imposing liability on the parties responsible for

those violations; (3) reducing inefficient expenditure of public funds on lengthy litigation; and (4) promoting final resolution of liability for settling parties. The Consent Judgment is consistent with consent orders that have been imposed in similar insider trading cases involving parallel criminal cases. *See e.g.*, *SEC v. Stewart*, 15-cv-3719 (AT)(OTW), Dkt. No. 66 (S.D.N.Y. Sept. 27, 2017) (Final Judgment as to Defendant Robert K. Stewart); *SEC v. Rogicki*, 17-cv-08071 (GHW), Dkt. No. 21 (S.D.N.Y. Jan. 26, 2018) (Final Judgment as to Defendant John H. Rogicki).

Thus, because the Consent Judgment is fair and reasonable, and because the public interest would not be disserved by it, the parties respectfully request that the Court approve the settlement and enter the Consent Judgment.

Respectfully submitted,

Julia C. Green

cc: Alexander R. Klein (by email)